IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| OTIS BROOKS, | * | |
| Petitioner, | * | |
| | | CASE NO. 5:08-CV-90021 |
| vs. | * | 28 U.S.C. § 2255 |
| | | CASE NO. 5:01-CR-14 HL |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

## REPORT AND RECOMMENDATION

The relevant portions of the record in this case begin with a Superseding Information returned in this Court on June 17, 2003, charging Petitioner Brooks with Possession of a Firearm by a Convicted Felon in violation of 18 U.S.C. § 922(g). (R-64). Petitioner Brooks had waived Indictment in the case on the same date. (R-65). Likewise, Petitioner Brooks entered into a Plea Agreement with the Government and pleaded guilty to the charge contained in the Information. (R-66, 67). Brooks was sentenced on September 7, 2003, to a term of 120 months imprisonment. (R-72). His sentence, untimely appealed on October 1, 2003, was dismissed on May 25, 2004, for lack of jurisdiction in the United States Court of Appeals for the Eleventh Circuit. (R-92). On April 11, 2005, Petitioner filed a Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255 (R-103), but moved to withdraw or dismiss the same without prejudice on August 30, 2005. (R-108). His motion was granted by the Court on September 20, 2005. (R-112). Just less than three years later, on July 21, 2008, Petitioner Brooks filed his present § 2255 Motion To Vacate his

September 2003 Sentence.  (R-120).

Petitioner Brooks asserts a single Ground for relief in his Motion.  He contends that he is actually innocent because he has "recently discovered" that the alleged prior state conviction used by the United States Attorney to Indict him for Possession of a Firearm by a Convicted Felon "does not exist." (R-120 at 5).   He refers to his attached Memorandum with Exhibits.  In his Memorandum, Brooks states:

> Attached as proof of this Fact is a letter from the Office of the Fulton County District Attorney, dated June 4, 2008, stating that the charges of Possession of Cocaine with the intent to distribute and abandonment of drugs were never presented to Fulton County Grand Jury on October 19, 1992.

(R-120-2 at 3).   However, no such letter or affidavit or any evidence to support his contention was attached.  Brooks was ordered to supplement his § 2255 Motion with evidence relative to the contention that he was not a career offender at the time of his guilty plea to the Possession of a Firearm by a Convicted Felon in this Court and to show what *due diligence* he had exercised to discover that the prior felony pleaded in the Superseding Information, which qualified him as a career offender in possession of a firearm did not exist, as he contended.

On July 13, 2008, Brooks filed a Motion to Supplement to his Motion (R-123) attaching the sworn statement from the Office of the Fulton County District Attorney, which states as follows:

> *Paul L. Howard, Jr., District Attorney, Atlanta Judicial Circuit*
>
> *June 4, 2008*

>*RE: Otis Brooks*
>*DOB: 01-17-75*
>*Booking # 9221329*
>
>*This is to advise that the charge of POSSESSION OF COCAINE WITH THE INTENT TO DISTRIBUTE and ABANDONMENT OF DRUGS was NOT PRESENTED TO THE FULTON COUNTY GRAND JURY on OCTOBER 19, 1992.*
>
>*Sincerely,*
>
>*S/Mrs. Mary Dardy*
>*Record Room Supervisor*
>
>*Subscribed to and sworn by me*
>*This 4th day of June 2008.*
>*[illegible Notary Public signature]*

Petitioner Brooks did not address the court's order as to when and what actions he had taken to show due diligence in obtaining the above statement, to invoke the provisions of 28 U. S. C. § 2255 (f)(4).

## Conclusion of Law

**I.** Title 28 U.S.C. § 2255(a) and (f) provide:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.
>
> .... A 1-year period of limitation shall apply to a motion under

> this section. The limitation period shall run from the latest of–
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Obviously, to overcome the AEDPA one-year period of limitation on filing a Motion To Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, which arguably should have expired on September 17, 2004, Petitioner Brooks is relying on § 2255 (f)(4), "the date on which the fact supporting the claim or claims presented could have been discovered through the exercise of due diligence." Petitioner's only reference to the time frame of the discovery of the "fact supporting the claim" is his comment in his July 2008 Motion that, "Petitioner just recently discovered this information." (R-120 at 5). Petitioner has shown no act of due diligence in discovering this *fact* from September 7, 2003, until 2008. His Motion To Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 filed on July 21, 2008, in regard to his sentence of September 7, 2003, should be time-barred by the § 2255 one-year period of limitations, unaffected by § 2255(f)(4), for lack of due diligence.

**II.** However, giving the Petitioner the benefit of every doubt, a consideration of the merits will be made of his belated Motion To Vacate, Set Aside, or Correct Sentence

pursuant to 28 U.S.C. § 2255 based on his contention that the alleged prior state conviction used by the United States Attorney to Indict him for Possession of a Firearm by a Convicted Felon "does not exist." *Id.*

First, Petitioner Brooks stipulated in his Plea Agreement that he was in fact guilty of Possession of a Firearm by a Convicted Felon as charged in the Superseding Information, and further, as stated to the Court, in Petitioner's presence, by the Assistant U.S. Attorney, that:

> Defendant acknowledges that he had been convicted of the felony offense of violation of Georgia Controlled Substances Act in the Superior Court of Fulton County, Georgia, in case 92-CR-3675, dated January 28, 1992. The defendant further stipulates and agrees that the .380 caliber pistol had, in fact, traveled in interstate commerce within the meaning of 18 United States Code, Section 922(g)(1).

(R-64,66 at 5/R-123-A). At that Plea Hearing, the Court, upon hearing the above stipulation and statement, asked Brooks, "Is that the truth?" Brooks answered, "Yes, sir." *Id.*

In his PSR, it is noted on page 2 thereof, that Petitioner Otis Brooks had been known to use the aliases, **Otis Brook, Herman Glenn, Glenn Herman, Otis Moore, Larry Pierce, and Christopher Turner**. At the Sentencing Hearing (R-71) Petitioner made no objection to that finding. Moreover, the letter-statement from the Office of the Fulton County District Attorney addresses only the name Otis Brooks, rather than any a/k/a denominations in the case in question.

However, the Court takes notice that the PSR at Part B, Defendant's Criminal History,

5

includes at ¶ **32** that Petitioner Books was convicted in Fulton County Superior Court in Case #Z47085 of Possession of Cocaine With Intent to Distribute in violation, which resulted in a sentence of probation, apparently because of the offender's age, which sentence was rescinded and re-sentenced to a term of 5 years with the first requiring imprisonment. The ¶ 33 entry also notes that, "The defendant ... was arrested and charged using the alias **Glenn Herman**."

**Paragraph 38** of Part B of the PSR reveals that Petitioner Brooks was also convicted of Possession of Cocaine in Fulton Superior Court in Case #Z62240 and sentenced to 2 years imprisonment on February 9, 1995. Paragraph 39 states that, "The defendant was arrested and charged using the alias **Christopher Turner**."

**Paragraph 40** of Part B of the PSR reveals that Petitioner Brooks was convicted on December 15, 1994, of Possession of Cocaine; Possession of a Firearm by a Convicted Felon; Possession of Cocaine With Intent to Distribute in Fulton Superior Court Case #Z66616. Paragraph 41 notes that, "The defendant was arrested and charged using the alias **Glenn Herman**."

**Paragraph 46** of the PSR reveals that Brooks was also convicted of Possession of Cocaine in Case #Z86383 of Fulton County Superior Court and sentenced to serve 5 years. *See* ¶ 47.

United States Sentencing Guidelines **4B1.1(a)** provides:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time of the defendant committed the

> instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence **or** a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence **or** a controlled substance offense.

The above enumerated paragraphs from Part B of Petitioner's PSR, illustrate Brooks' frequent use of aliases and, specifically ¶ ¶ 32 and 40 satisfy the requirements of classification as a career offender at the time of the offense in question. As found at ¶ 98 of the PSI:

> Based on the application of Armed Career Criminal, a total offense level of 31 and a criminal history of VI provides a guideline imprisonment range of 188 to 235 months. However, since this guideline range exceeds the statutorily authorized maximum sentence, the sentencing guideline range becomes 120 months. USSG §5G1.1(a).

Since the statute under which Petitioner was charged established the maximum sentence of 120 months, the United States Sentencing Guidelines relative to career offender became irrelevant to Petitioner's sentence. Therefore, his contention that of the lack of basis for his being classified as a career offender became moot. However, there is more.

**III.** The Government's Response (R-124) to Brooks Motion To Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, alleged on page three thereof that"

> The Superseding Information alleged that on January 26, 2001, Petitioner possessed a .380 caliber pistol after having been convicted of a felony. The felony was described as a violation of Georgia's Controlled Substances Act in the Superior Court of Fulton County under Case Number Z47085 (R-66, 67). This charge was returned by the grand jury on August 18, 1992, against Glenn Herman, also known as Herman Glenn. They were two aliases used by Defendant. The Alcohol, Tobacco and

>Firearm (ATF) confirmed that Otis Brooks was the same defendant in case number Z47085 by conducting a handwriting comparison. The comparison was further proof that the subject on the state conviction was the Petitioner, Otis Brooks.

The Government attached a copy of the referenced Indictment as Attachment A to its Response, and also a copy, as Attachment D, of the ATF's Laboratory Report and Conclusion as to a fingerprint analysis of six documents of arrest of Otis Brooks, Otis Brook, and Glenn Herman, and reported the same to the Government on June 5, 2001, concluding that:

>Examination of the inked fingerprints appearing on Exhibits 12 through 17 revealed that they were all made by one and the same person (Glenn Herman AKA Otis Brooks AKA Otis Brook).

The Government notes that the designation of Petitioner's prior conviction used to establish his career offender status as Case Number 92CR3675 was a typographical error, but did not change the fact of the offense - to which Petitioner confessed in his Plea Agreement and at his Plea Hearing. Neither the *typo* nor the alias should be *a get out of jail free card* for Petitioner Brooks.

Since he has failed to show that the offense used to qualify him as a career offender "did not exist", his claim of ineffective assistance of counsel for not making that claim for him fails, as well. He has not shown ineffective assistance of counsel in any manner, neither that his attorney was difficent, nor that the outcome of his case would have been different had counsel acted in any manner other than he did. Both of those showings are Petitioner's burden to bear and he has failed.

*See Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052 (1984).

**WHEREFORE, IT IS RECOMMENDED** that Petitioner's Motion To Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 be DENIED as time-barred and for failure to show that he is entitled to any relief.  Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

SO RECOMMENDED this 30th day of October 2008.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE