# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

OTIS BROOKS,                          :
                                      :
    Petitioner,              :
                                      :       Case No. 5:08-CV-90021
    v.                       :
                                      :       Case No. 5:01-CR-14(HL)
UNITED STATES OF AMERICA,             :
                                      :
    Respondent.              :
_____

# ORDER

Currently before the Court is the Report and Recommendation (Doc. 127) of United States Magistrate Judge G. Mallon Faircloth, entered on October 30, 2008, in which the Magistrate Judge recommends that Petitioner Otis Brooks' Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 120) be denied. Petitioner has filed written objections to the Recommendation, as permitted by 28 U.S.C. § 636(b)(1).

The Court has made a de novo review, and after thoroughly considering the Recommendation and Petitioner's objections, it is of the opinion that the Magistrate Judge's determination was correct. There is a one-year limitations period on § 2255 motions by prisoners seeking to modify their federal sentences. 28 U.S.C. § 2255(f). For Petitioner's purposes, the one-year period began to run on "the date on which the facts supporting the claim or claims presented could have been discovered through the

exercise of due diligence." 28 U.S.C. § 2255(f)(4).  Petitioner claims that he is actually innocent because he "recently discovered" in or about July of 2008 that the alleged prior state conviction used by the United States Attorney to indict him for Possession of a Firearm by a Convicted Felon in violation of 18 U.S.C. § 922(g) "does not exist." (Doc. 120).

Peitioner has presented the Court with no evidence to establish that he exercised due diligence in discovering the allegedly non-existent conviction.  He was initially sentenced on the firearm charge on September 4, 2003, but did not file this § 2255 Motion until July 21, 2008.  No explanation for the almost five year delay has been given.  In Johnson v. United States, 544 U.S. 295, 308-311, 125 S.Ct. 1571 (2005), the Supreme Court held that the petitioner "fell far short of reasonable diligence" by waiting more than three years from the date of his judgment before filing his state habeas petition.  In fact, he "would still have delayed unreasonably" if the delay had been only 21 months.  Id. at 311.  Petitioner's unexplained delay of 58 months similarly falls short of reasonable diligence.

That does not end the inquiry, however.  A claim of actual innocence, such as the one made by Petitioner, may warrant consideration of an otherwise untimely federal petition.  Wyzykowski v. Dep't of Corr., 226 F.3d 1213, 1218-1219 (11th Cir.2000). This actual innocence exception is exceedingly narrow in scope, as it concerns a petitioner's "actual" innocence rather than his "legal" innocence.  See Calderon v. Thompson, 523 U.S. 538, 559, 118 S.Ct. 1489 (1998).  To meet this standard, a

2

petitioner must demonstrate that, "in light of all the evidence," "it is more likely than not that no reasonable juror would have convicted him" of the underlying offense.  <u>Schlup v. Delo</u>, 513 U.S. 298, 327-328, 115 S.Ct. 851 (1995).  "'To be credible,' a claim of actual innocence must be based on reliable evidence not presented at trial." <u>Calderon</u>, 523 U.S. at 559 (internal citation omitted).

In the Court's opinion, Petitioner has not met this heavy burden.   The Government has presented evidence that Petitioner had in fact been convicted of a felony under an alias at the time he pled guilty to the firearm offense in 2003.  The Court cannot find that it is more likely than not that no reasonable juror would have convicted Petitioner of possession of a firearm by a convicted felon.  Petitioner has failed to prove his actual innocence.

Moreover, the Court believes Petitioner is not entitled to equitable tolling on his actual innocence claim because, as discussed *supra*, he was not diligent in bringing his claims to the Court's attention.  "In order to be entitled to the benefit of equitable tolling, a petitioner must act with diligence, and the untimeliness of the filing must be the result of circumstances beyond his control." <u>Sibley v. Culliver</u>, 377 F.3d 1196, 1204 (11th Cir.2004).  Petitioner has not presented any evidence that he was prevented from or otherwise not able to raise the claim that he was not a convicted felon when he pled guilty and was sentenced in 2003.

3

Accordingly, the Court accepts the Recommendation of the Magistrate Judge. The Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence (Doc. 120) is hereby **DENIED**.

SO ORDERED, this the 22nd day of April, 2009.


**s/   Hugh Lawson**
**HUGH LAWSON, SENIOR JUDGE**

mbh

4