# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

**OTIS BROOKS,**                :
                                :
   Petitioner,           :
                                :      Case No. 5:08-CV-90021
v.                              :
                                :      Case No. 5:01-CR-14(HL)
**UNITED STATES OF AMERICA,**   :
                                :
   Respondent.           :
_____

# ORDER

This matter is before the Court on Petitioner Otis Brooks' Motion to Proceed on Appeal In Forma Pauperis. (Doc. 140). Petitioner filed this motion after his appeal of the Court's denial of his motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 was dismissed by the Eleventh Circuit Court of Appeals for failure to pay the $455 docketing and filing fees.

Proceedings in forma pauperis are addressed at 28 U.S.C.A. § 1915(a), which authorizes the commencement of, among other things, an appeal without prepayment of fees. That code section further provides, however, that an appeal "may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C.A. § 1915(a)(3). An appeal is not taken in good faith when an in forma pauperis applicant seeks the review of issues which can be deemed frivolous from an objective standpoint. See Coppedge v. United States, 369 U.S. 438, 445, 82 S.Ct.

917, 8 L.Ed.2d 21 (1962); In re Arnold, 166 Fed.Appx. 424 (11th Cir.2006) (unpublished).

In forma pauperis proceedings are also governed by Federal Rule of Appellate Procedure 24(a)(1), which requires a party who desires to appeal in forma pauperis to file a motion in the district court.  The party must attach an affidavit to the motion that (1) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs; (2) claims an entitlement to redress; and (3) states the issues that the party intends to present on appeal.  Fed.R.App.P. 24(a)(1).

In this case, Petitioner contends that he is entitled to relief under 28 U.S.C. § 2255 because he is actually innocent of the crime for which he is incarcerated.  According to Petitioner, he discovered in or about July of 2008 that the alleged prior state conviction used by the United States Attorney to indict him for Possession of a Firearm by a Convicted Felon in violation of 18 U.S.C. § 922(g) does not exist.

The Court found that Petitioner's § 2255 petition was untimely filed and that he was not entitled to equitable tolling on his actual innocence claim.  The Court's ruling was based on Petitioner's failure to exercise due diligence in bringing his claims to the Court's attention.

It is within the discretion of the Court to determine whether an appeal is taken in good faith.  See Adkins v. E.I. Du Pont de Nemours & Co., 335 U.S. 331, 69 S.Ct. 85, 93 L.Ed. 43 (1948).  Petitioner has not pointed the Court to any nonfrivolous issues that

he intends to present on appeal.  The Court certifies that Petitioner's appeal is not taken in good faith.  Petitioner is not entitled to have the fees waived for his appeal.

Petitioner is also not entitled to proceed in forma pauperis because his filing does not meet the requirements of Rule 24.  Petitioner has submitted a form that would comply with the requirements of Rule 24, except that Petitioner has chosen to complete the form by putting "N/A" in each section.  With respect to his ability to pay, Petitioner merely states that he "cannot afford to pay the cost of the filing fee because of my poverty."  (Aff. at p. 4).  Further, Petitioner's motion does not claim an entitlement to redress or state the issues that he intends to present on appeal.  The only mention of his issues on appeal is found on the first page of the affidavit, where Petitioner has written "Certificate of Appealability."  (Aff. at p. 1).  Thus, Petitioner does not meet the requirements of Rule 24, which must be satisfied for a party to prosecute an appeal in forma pauperis.

As Petitioner's appeal is not taken in good faith and Petitioner has failed to comply with Rule 24, Petitioner's Motion to Proceed on Appeal In Forma Pauperis (Doc. 140) is **DENIED**.

SO ORDERED, this the 4th day of June, 2009.

*s/  Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

mbh