**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| OTIS BROOKS, | * | |
| Petitioner, | * | |
| | | CASE NO. 5:01-CR-14 HL |
| vs. | * | Rule 60(b)(6) Motion |
| | | CASE NO. 5:08-CV-90021 |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

**REPORT AND RECOMMENDATION**

The relevant portions of the record in this case begin with a Superseding Information returned in this Court on June 17, 2003, charging Petitioner Brooks with Possession of a Firearm by a Convicted Felon in violation of 18 U.S.C. § 922(g).  (R-64).  Petitioner Brooks had waived Indictment in the case on the same date.  (R-65).  Likewise, Petitioner Brooks entered into a Plea Agreement with the Government and pled guilty to the charge contained in the Information.  (R-66, 67).  Brooks was sentenced on September 7, 2003, to a term of 120 months imprisonment.  (R-72). His sentence, untimely appealed on October 1, 2003, was dismissed on May 25, 2004, for lack of jurisdiction in the United States Court of Appeals for the Eleventh Circuit.  (R-92).  On April 11, 2005, Petitioner filed a Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C. § 2255 (R-103), but moved to withdraw or dismiss the same without prejudice on August 30, 2005. (R-108).  His motion was granted by the Court on September 20, 2005. (R-112).  Just less than three years later, on July 21, 2008, Petitioner Brooks filed his present § 2255 Motion To Vacate his September 2003 Sentence.  (R-120).  The District Court denied Petitioner Brooks' § 2255 Motion on April 22, 2009.  (R-130).  Brooks attempted an appeal of that decision, but the same was dismissed by the  United States Court of Appeals for the Eleventh Circuit on May 26, 2009.  (R-139).

Brooks has now filed, as of September 21, 2009, a Motion Pursuant To Rule 60(b)(6) of The Federal

Rules of Civil Procedure (R-148) "to reopen Judgment" in his above referenced § 2255 proceeding

for the following reasons:

> Rule 60(b)(6) permits reopening when the Movant shows any reason
> justifying relief from the operation of the judgment. . . .
> Petitioner's Motion in the instant case alleges only that this Court
> misapplied the provisions of 28 U.S.C. § 2255[(f)](4).   . . .
> Petitioner's only Grounds for reopening the Judgment denying his
> 2255 Motion is the 11th Circuit decision in *Aron v. United States,* 291
> F.3d 708 (11th Cir. 2002).
>
> The Court must reopen the Judgment in this case and provide
> Petitioner an evidentiary hearing pursuant to *Aron v. United States,*
> 291 F.3d 708 (11th Cir. 2002).

(R-148 at 2, 3, 6).   Petitioner Brooks' Rule 60(b)(6) motion bears some discussion.

Title 28, United States Code Section 2255(f)(4) provides:

> A 1-year period of limitation shall apply to a motion under this
> section. The limitation period shall run from . . . the date on which the
> facts supporting the claim or claims presented could have been
> discovered through the exercise of due diligence.

In his Motion To Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (R-

120 at 5), Petitioner Brooks asserted that he was actually innocent because he had "recently

discovered" that the alleged prior state conviction used by the United States Attorney to indict him

for Possession of a Firearm by a Convicted Felon "does not exist."  First, the district court did not

rely on a single conviction to classify Brooks as a felon.  Brooks' PreSentence Report demonstrated

that Brooks had been twice convicted of Possession of Cocaine With Intent to Distribute in Fulton

Superior Court, as shown in the **PSI** at ¶ ¶ 33 and 38, and convicted of Possession of Cocaine as

shown at ¶ ¶ 40 and 46 of the **PSI**.   Moreover, the District Court found that Brooks had used

numerous aliases and had numerous felony convictions under his own name and under various aliases,

other than the charges referenced from Fulton County Booking # 9221329, which amply qualified

Brooks as a convicted felon.   (*See* R-127 at 5-7).   Whether Brooks exercised due diligence in the

discovery of one case in which he may not have been indicted or convicted under his own name is a

moot issue in his case.

Brooks stated in the Memorandum attached to his § 2255 Motion (R-120-2 at 3) that:

> Attached is proof of this fact in a letter from the Office of the Fulton
> County District Attorney, dated June 4, 2008, stating that the charges
> of Possession of Cocaine with intent to distribute and abandonment of
> drugs were never presented to Fulton County Grand Jury on October
> 19, 1992.

However, as noted in the Report and Recommendation to his § 2255 Motion, Brooks had

attached no letter or affidavit or any evidence to support this contention.  For that reason, on July 23,

2008, the Court directed Brooks to Supplement his Motion (R-122), ordering as follows:

> Petitioner Brooks is hereby ordered to supplement his § 2255 Motion
> with evidence relative to the contention that he was not a convicted
> felon at the time of his guilty plea to the Possession of a Firearm by a
> Convicted Felon in this Court.  Brooks must also show what *due
> diligence* he exercised to discover that a prior felony which qualified
> him as a convicted felon in possession of a firearm "did not exist."

*(Id.* at 2).  Petitioner Brooks responded by filing a Supplement to his § 2255 Motion on July 31,

2008, containing only  a letter from the Record Room Supervisor, Mrs. Mary Dardy, dated June 4,

2008, captioned:

> **RE: Otis Brooks**
> **DOB: 01-17-75**
> **Booking# 9221329.**

The letter stated:

3

**This is to advise that the charge of Possession of Cocaine With The Intent To Distribute and Abandonment of Drugs was not presented to the Fulton County Grand Jury on October 19, 1992.**

However, Brooks did not, at all, address the court's order as to when and what actions he had taken to show *due diligence* in obtaining the statement which he contended invoked a new time limitation under the provisions of 28 U.S.C. § 2255(f)(4).  He presently contents in his Rule 60(b)(6) Motion that his § 2255 Motion should be reopened and that he should be afforded an evidentiary hearing on the issue of *due diligence* to avoid the AEDPA statute of limitations, based solely upon the holding in *Aron v. United States,* 291 F.3d 708 (11th Cir. 2002).  Brooks' reliance on *Aron* is misplaced. In *Aron*, the claim was ineffective assistance of counsel for failing to advise Defendant Aron that counsel had not filed an appeal when he was requested to do so, and whether or not Aron exercised *due diligence* after it came to his knowledge that no appeal had been filed.  In Brooks' case, he contends that information "recently" came to his attention that one of his prior felony charges had not been put before a grand jury.  Brooks knew at all times which felony convictions he had incurred and that he had stipulated to felony convictions in his Plea Agreement with the Government to qualify him as a convicted felon in connection with his pending charge of Possession of a Firearm by a Convicted Felon.  To reopen Brooks' § 2255 Motion and afford him an evidentiary hearing on the issue of his due diligence in discovering a letter, advising that a single felony charge against Otis Brooks in Fulton County had not gone before a grand jury, would accomplish nothing.  The holding in *Aron v. United States,* 291 F.3d 708 (11th Cir. 2002), is not applicable to Brooks' situation.  Even if he were found to have acted with *due diligence* in regard to obtaining the letter regarding a single felony booking, the remainder of his criminal history would not be affected, nor would such a showing demonstrate any error committed by the District Court in Brooks' § 2255 Motion.

Finally, Brooks misuses the Rule 60(b) Motion.  Two years after *Aron,* in *Boone v. Sec'y,*

*Dept. Of Corr.,* 377 F.3d 1315, 1316, 1317 (11th Cir. 2004), the Court observed that:

> Pursuant to this Court's en banc decision in *Gonzalez v. Sec'y of Corr.,* the law surrounding Rule 60(b) motions has now been clarified. 366 F.3d 1253 (11th Cir. 2004). . . .
> Sitting en banc our Court found that the Supreme Court's recent decision in *Calderon* [1] clarified the viability, post-AEDPA, of Rule 60(b) motions in the context of federal habeas petitions.  We held that the district courts do not have the jurisdiction to consider Rule 60(b) motions to consider the denial of a habeas  petition unless the motion is a 60(b)(3) motion, that is, one made to prevent fraud upon the court.[2]  We reasoned that, "because a petitioner's attempt to reopen a final habeas judgment pursuant to Rule 60(b) is to be treated as an application to file a second or successive petition, it ordinarily should be dismissed by the district court pursuant to § 2244(b)(4)."

The District Court is thus directed by the Court of Appeals in *Boone* to treat Brooks' Rule

60(b) Motion as  an application to file a second or successive § 2255 motion.  Title 28, United States

Code Section 2255(h) provides:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain– (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or  (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

---

[1]*Calderon v. Thompson,* 523 U.S. 538, 118 S.Ct. 1489 (1998).

[2]" 'Fraud upon the court' . . . embraces only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication." *Travelers Indem. Co. v. Gore,* 761 F.2d 1549, 1551 (11th Cir. 1985).  *Zakrzewski v. McDonough,* 490 F.3d 1264, 1267 (11th Cir. 2007).

5

**WHEREFORE, IT IS RECOMMENDED** that Brooks' Rule 60(b)(6) Motion be DISMISSED to allow him to make proper application to the  United States Court of Appeals for the Eleventh Circuit for leave to file a second or successive Motion To Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255.  Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

**SO RECOMMENDED** this 23rd day of September 2009.

**S/G. MALLON FAIRCLOTH**
**UNITED STATES MAGISTRATE JUDGE**