# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

**OTIS BROOKS,**

    Petitioner,

    v.

**UNITED STATES OF AMERICA,**

    Respondent.

Case No. 5:08-CV-90021

Case No. 5:01-CR-14(HL)

## ORDER

Currently before the Court is the Report and Recommendation (Doc. 150) of United States Magistrate Judge G. Mallon Faircloth, entered on September 23, 2009, in which the Magistrate Judge recommends that Petitioner Otis Brooks' Motion Pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure (Doc. 148) be dismissed. Brooks has filed an objection to the Recommendation, as permitted by 28 U.S.C. § 636(b)(1). The Court has made a *de novo* review of the Recommendation and Brooks' objection.

On September 4, 2003, Brooks was sentenced to 120 months imprisonment after pleading guilty to possession of a firearm by a convicted felon. His appeal of the sentence to the Eleventh Circuit Court of Appeals was dismissed. On April 11, 2005, Brooks filed a petition under 28 U.S.C. § 2255 to vacate his sentence, alleging ineffective assistance of counsel. He later moved to withdraw this petition. The motion was granted and judgment was entered dismissing the petition on September 20, 2005.

Brooks filed his present § 2255 petition on July 21, 2008, alleging that he is actually innocent because he "recently discovered" in or about July of 2008 that the prior state conviction used by the United States Attorney to indict him for possession of a firearm by a convicted felon "does not exist" (Doc. 120). Magistrate Judge Faircloth entered an order on July 23, 2008 (Doc. 122), directing Brooks to supplement his petition with evidence relative to the contention that he was not a convicted felon at the time of his guilty plea and to show what due diligence he exercised to discover that the prior felony which qualified him as a convicted felon in possession of a firearm did not exist. Brooks subsequently provided a letter from a record room supervisor with the Fulton County District Attorney's office stating that "the charge of possession of cocaine with the intent to distribute and adandonment (sic) of drugs was not presented to the Fulton County grand jury on October 19, 1992" (Doc. 123) (emphasis omitted). Brooks did not, however, address the due diligence issue.

Magistrate Judge Faircloth then entered a recommendation (Doc. 127) that Brooks' § 2255 petition be denied as time-barred under the Antiterrorism and Effective Death Penalty Act ("AEDPA") and for failure to show that he is entitled to any relief. Over Brooks' objection, the Court accepted the recommendation and denied the § 2255 petition (Doc. 130). In its order, the Court stated that Brooks had presented no evidence to establish that he exercised due diligence in discovering the allegedly non-existent conviction and provided no explanation for the almost five year delay between his initial sentence on September 4, 2003, and the filing of his

§ 2255 petition on July 21, 2008.  The Court also held that Brooks failed to prove his actual innocence, and that in any event, Brooks was not entitled to equitable tolling on his actual innocence claim because he was not diligent in bringing his claims to the Court's attention.  Judgment denying the § 2255 petition was entered on May 4, 2009 (Doc. 134).  Brooks appealed the judgment to the Eleventh Circuit, but his appeal was dismissed for failure to pay the filing fee (Doc. 139).

Brooks has now filed a motion pursuant to Fed. R. Civ. P. 60 requesting relief from the May 4, 2009 judgment (Doc. 148).  He argues that the case must be reopened because he is entitled under Aron v. United States, 291 F.3d 708 (11th Cir. 2002), to an evidentiary hearing on the issue of whether he exercised due diligence so to entitle him to tolling of the AEDPA one-year statute of limitations.

Magistrate Judge Faircloth has recommended that the Rule 60 motion be dismissed.  In his recommendation, the Magistrate Judge determined that Aron was not applicable to Brooks' situation, stating that even if Brooks was found to have acted with due diligence with regard to the letter from Fulton County, the remainder of his criminal history would not be affected.  The Magistrate Judge went on to find that under Eleventh Circuit law, Brooks' motion should be treated as an application to file a second or successive § 2255 motion.  In his objection (Doc. 151), Brooks argues that because his Rule 60 motion only addresses the Court's previous ruling on the statute of limitations issue, the motion should not be treated as a second or successive habeas petition.

Assuming *arguendo* that the Rule 60 motion is neither an application for a second or successive petition nor a second or successive petition, the motion will nevertheless be denied. Brooks is correct that due diligence determinations often require factual development in the form of an evidentiary hearing. *See, e.g.,* Aron, 291 F.3d. at 712 ("[T]he due diligence inquiry is an individualized one that must take into account the [habeas petitioner's] conditions of confinement.") (internal quotation marks omitted). But an evidentiary hearing is in no way required. For example, in Rivers v. United States, 416 F.3d 1319, 1322 (11th Cir. 2005), after the district court dismissed his habeas petition for failure to exercise due diligence in obtaining vacatur of a state court conviction, the petitioner argued on appeal that before a due diligence determination could be made, an evidentiary hearing had to be held. Id. In a supplemental brief, the petitioner alleged that unspecified delays in the state clerk's retrieval of records necessary for his state habeas filing, along with his lack of education, excused his delay. Id. In determining that a hearing was not necessary, the Eleventh Circuit noted that "[the petitioner's] supplemental brief fails to set out just what efforts he made to obtain the necessary records or to explain what amount of time lapse is fairly attributable to the state clerk's delay. . . . [The petitioner's] delay in seeking state habeas relief, along with his failure to set forth sufficient grounds that could excuse his delay, precludes a finding that he exercised due diligence." Id. at 1323. The court affirmed the district court's dismissal of the habeas petition based on the petitioner's failure to exercise due diligence. Id.

4

What makes Brooks' situation more akin to <u>Rivers</u> than <u>Aron</u> is that Brooks has never directly addressed the due diligence issue. He has not informed the Court of any efforts he made to obtain the information from Fulton County prior to 2008, why there was a five year delay, or how he did not know at the time of his guilty plea whether or not he was a convicted felon. Brooks has also not offered any reason for the Court to believe that an evidentiary hearing would help him prove he acted diligently. It is Brooks' burden to show that he acted with due diligence, but he has not come close to meeting that burden.

In light of Brooks' absolute failure to show that he acted with due diligence, there is no reason for an evidentiary hearing. Therefore, Brooks' Motion Pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure (Doc. 148) is denied. The Court rejects the Report and Recommendation (Doc. 150) insofar as it recommends that the Rule 60 motion be dismissed to allow Brooks to make application to the Eleventh Circuit for leave to file a second or successive § 2255 petition.

SO ORDERED, this the 26th day of October, 2009.

*s/  Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

mbh